UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY JOE BARBER, III,

Plaintiff,

v.

BREMERTON POLICE DEPARTMENT, *et al.*,

Defendants.

Case No. C24-5725-RAJ-MLP

ORDER TO SHOW CAUSE

Plaintiff Danny Joe Barber, III, is currently in pre-trial detention at the Kitsap County Jail in Port Orchard, Washington. He has submitted to the Court for filing a prisoner civil rights complaint under 42 U.S.C. § 1983. (*See* dkt. # 4-1.) Plaintiff alleges in his proposed complaint that Bremerton Police Department ("BPD") officers harassed him and falsely accused him of violating a protection order in May 2024. (*Id.* at 5.) According to Plaintiff, he explained to officers that he had just been released from custody a few hours before and that he had done nothing to violate the conditions of his release or a potential order of protection. (*Id.*) Despite this explanation, officers took him into custody where he remains. (*See id.* at 3-5.) Plaintiff appears to claim that he has been denied his constitutional rights to be presumed innocent until proven guilty, to secure evidence against him, and to travel. (*Id.* at 3.)


Plaintiff identifies the BPD and an unnamed BPD officer as Defendants in his proposed complaint. (*See* dkt. # 4-1 at 2.) He seeks relief in the form of an order directing that the charges pending against him be dismissed, that an anti-harassment order be entered against the BPD, and that he be awarded damages in the amount of $4.3 million. (*Id*. at 5.)

Pursuant to 28 U.S.C. § 1915A, the Court is required to review Plaintiff's proposed complaint to determine if he has stated any cognizable claims for relief in his pleading.[1] This Court, having conducted the requisite screening, concludes that Plaintiff has not stated any claim upon which relief may be granted at this time. The claims asserted by Plaintiff in his proposed complaint appear to relate to his ongoing criminal proceedings. Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam). *See also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v.*

[1] Section 1915A(a) provides that "[T]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b)(1) provides that "On review, the Court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is . . . frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"

*Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention doctrine if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Here, Plaintiff is a pre-trial detainee with ongoing state criminal proceedings, and those proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Plaintiff alleges no facts demonstrating that he could not bring his constitutional claims in state court. Finally, it appears that the claims asserted by Plaintiff, if considered here, could effectively enjoin the ongoing state judicial proceeding as they pertain to the validity of Plaintiff's arrest and the charges currently pending against him. While Plaintiff contends that he was harassed and falsely accused by the BPD, his allegations suggest only that he disagrees with the charges filed against him in relation to his interaction with the BPD in May 2024, not that some extraordinary circumstance exists which warrants this Court's intervention in his ongoing criminal proceedings. It thus appears that *Younger* abstention applies to Plaintiff's claims, and that Plaintiff has therefore failed to state a claim upon which relief may be granted.

Accordingly, the Court hereby ORDERS as follows:

(1) Plaintiff shall show cause not later than ***thirty (30) days*** from the date on which this Order is signed why his proposed complaint and this action should not be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

(2) The Clerk shall note this matter on the Court's calendar for ***November 22, 2024***, for consideration of Plaintiff's response to this Order to Show Cause.

(3)     The Clerk shall send copies of this Order to Plaintiff and to the Honorable Richard A. Jones.

DATED this 22nd day of October, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4